IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JACOB R. SHEMPER
*Individually and on behalf of all*
*others similarly situated*                                                            PLAINTIFF

v.                                                                                  No. 2:10cv138-KS-MTP

B.P. AMERICA, INC., et al.                                                          DEFENDANTS

## ORDER

This matter is before the court on the Motion [33] to Stay filed by Defendant Halliburton Energy Services, Inc., and joined by other Defendants. *See* Joinders [43][45]. In its motion, Halliburton seeks an order staying all proceedings in this action until the Multidistrict Litigation Panel ("MDL") decides the pending motion for transfer of actions pursuant to 28 U.S.C. § 1407.[1]

"Granting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency." *Hood ex rel. Miss. v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006). When deciding whether a stay of the proceedings is appropriate, courts consider the following factors: "1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy." *Falgoust v. Microsoft Corp.*, No. CIV.A.00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000); *see also Weathersby v. Lincoln Elec. Co.*, No. Civ.A. 03-0398, Civ.A. 03-0487, Civ.A. 03-0770, Civ.A. 03-0930, 2003 WL 21088119, at *2 (E.D. La. May 9, 2003). These factors weigh against granting a stay in this matter.

As discovery in this matter is automatically stayed pending the initial case management conference, expect for each Defendant's duty to file an answer, this case is already stayed for all practical purposes. *See* Fed. R. Civ. P. 26(d); L. U. Civ. R.(a)(F)(4). Thus, the parties are not

---

[1] *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL-2179, which seeks to centralize more than 100 actions currently pending in five states, as well as anticipated actions, for coordination of all pre-trial proceedings.

engaged in discovery, and there is no current risk of inconsistent pretrial rulings.

The court recently granted Defendants an extension of time until July 20, 2010 to answer the complaint. *See* Order [39]. Regardless of whether the MDL Panel ultimately transfers this action for consolidated and coordinated pretrial proceedings, Defendants will have to file answers or responsive pleadings. No compelling reasons are offered by the moving Defendants to delay answering the complaint for an indefinite period. Judicial economy is better served by requiring a timely responsive pleading from each Defendant. The court is mindful that the MDL Panel will consider a motion for transfer of actions on or about July 29, 2010.[2] If this matter is not transferred soon thereafter, the court will set a case management conference. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That the Motion [14] to Stay is DENIED.
2. If the MDL Panel denies the motion for transfer of actions pursuant to 28 U.S.C. § 1407, the court will schedule a Rule 16 Initial Case Management Conference in accordance with the uniform local rules.

SO ORDERED AND ADJUDGED this the 19th day of July, 2010.

s/ Michael T. Parker
United States Magistrate Judge

---

[2]*See* Response [34] at 3.