# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

| | |
|---|---|
| JACOB R. SHEMPER, Individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>BP P.L.C.; BP AMERICA INC.; BP PRODUCTS NORTH AMERICA INC.; BP AMERICA PRODUCTION COMPANY; BP EXPLORATION & PRODUCTION INC.; ANADARKO PETROLEUM CORPORATION; MOEX OFFSHORE 2007, LLC; TRANSOCEAN LTD.; TRANSOCEAN DEEPWATER INC.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN HOLDING, LLC; TRITON ASSET LEASING GmbH; HALLIBURTON ENERGY SERVICES, INC.; CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION; M-I, LLC; WEATHERFORD INTERNATIONAL, LTD; JOHN AND JANE DOES A-Z; and CORPORATIONS A-Z,<br><br>Defendants. | CIVIL ACTION<br><br>Case No. 2:10-cv-00138<br><br>JUDGE KEITH STARRETT<br><br>MAGISTRATE MICHAEL T. PARKER |

## BP DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), BP America Inc., BP Products North America, Inc., BP America Production Company, and BP Exploration and Production Inc. (collectively "BP Defendants") respectfully move to dismiss the Complaint, and in support state the following:

In this purported class action, Plaintiff, a charter fishing captain who operates an inshore charter fishing and guide services business, asserts claims for negligence, negligence *per se*,

private nuisance, public nuisance, and strict liability for abnormally dangerous, ultrahazardous activities against Defendants in which he seeks damages incurred as a result of the Deepwater Horizon drilling rig explosion on April 20, 2010 and the ensuing oil spill.  (*See* Compl. ¶¶ 1, 9.) Nowhere in the Complaint does Plaintiff address the requirements of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §2701, *et seq.*, or the claims process established by BP to comply with OPA's mandates.  Absent from Plaintiff's Complaint is any allegation that Plaintiff has submitted claims to the OPA-mandated and BP-administered claims process for the damages Plaintiff allegedly incurred.  These omissions are fatal to Plaintiff's Complaint.

Plaintiff's Complaint must be dismissed because OPA displaces Plaintiff's causes of action of negligence, negligence *per se*, private nuisance, public nuisance, and strict liability for abnormally dangerous, ultrahazardous activities.  And, pursuant to OPA, as a mandatory condition precedent to filing a lawsuit against BP for recovery of damages related to the oil spill, a potential litigant must first present its claims to a BP affiliate through the OPA-mandated claims process that BP is carrying out, and BP must deny liability or fail to settle those claims within 90 days after the date of presentment.  33 U.S.C. §2713(a), (c).  Failure to comply with these requirements is both a jurisdictional defect and a failure to state a cause of action given that OPA's presentment requirement is an indispensable prerequisite to bringing suit.

Furthermore, even if OPA had not displaced Plaintiff's claims for negligence, negligence *per se*, private nuisance, public nuisance, and strict liability for abnormally dangerous, ultrahazardous activities, they would still be barred by the economic loss rule.

## CONCLUSION

For the above and foregoing reasons, and for those addressed more fully in the BP Defendant's supporting memorandum brief, the BP Defendants respectfully request that the Court dismiss Plaintiff's Complaint for lack of jurisdiction or for failure to state a claim.

Respectfully submitted, this 20th day of July, 2010.

                                              BP AMERICA INC., BP PRODUCTS
                                              NORTH AMERICA INC., BP AMERICA
                                              PRODUCTION COMPANY, AND
                                              BP EXPLORATION & PRODUCTION
                                              INC.

                                              ***/s/ Thomas W. Tardy, III***
                                              Thomas W. Tardy, III (MS No. 7431)

Thomas W. Tardy, III (MS Bar No. 7431)
Marcy B. Croft (MS Bar No. 10864)
Jason D. Watksin (MS Bar No. 99997)
**FORMAN PERRY WATKINS KRUTZ & TARDY, LLP**
200 South Lamar Street
City Centre, Suite 100
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Fax: (601) 960-8613

OF COUNSEL:

Richard C. Godfrey, P.C.
John T. Hickey, Jr., P.C.
J. Andrew Langan, P.C.
Matthew T. Regan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Telephone)
312-862-2200 (Fax)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    THIS, the 20th day of July, 2010.

    */s/ Thomas W. Tardy, III*
    Thomas W. Tardy, III (MS No. 7431)