UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| JACOB R. SHEMPER, Individually and on behalf of all others similarly situated | PLAINTIFFS |
| VERSUS | C. A. NO. 2:10cv00138-KS-MTP |
| BP, PLC; BP AMERICA, INC.; BP PRODUCTS NORTH AMERICA, INC.; BP CORPORATION NORTH AMERICA, INC.; BP COMPANY NORTH AMERICA; ANADARKO PETROLEUM CORP.; MOEX OFFSHORE 2007, LLC; TRANSOCEAN, LTD.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN DEEPWATER, INC.; HALLIBURTON ENERGY SERVICES, INC CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION; and M-I, LLC | DEFENDANTS |

### DEFENDANT M-I L.L.C.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

Subject to and without waiving its previously filed Motion to Stay [Dkt. #56], Defendant M-I L.L.C. ("M-I") files this its Brief in Support of its Motion to Dismiss [Dkt. #57], pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and Motion for More Definite Statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## I.
## INTRODUCTION

1.  Plaintiff's claims arise out of an explosion onboard the Deepwater Horizon on April 20, 2010, and the subsequent discharge of oil into the Gulf of Mexico. Complaint at ¶1-4. Plaintiff is a full-time "for hire" charter fishing captain, and operates an inshore charter fishing and guide services business based out of Hattiesburg, Mississippi. Complaint at ¶ 9. Plaintiff provides inshore fishing charter services throughout the inland and near-coastal areas of the Gulf

Coast States, and Plaintiff's business is dependent upon access to the waters and fisheries of the coastal zones and the Gulf of Mexico. *Id.* at ¶ 9. Plaintiff asserts claims of negligence, negligence per se, private nuisance, public nuisance, and strict liability for ultrahazardous activities against the Defendants, including M-I, and seeks to recover damages for economic losses consisting of loss of revenue and loss of earning capacity, compensatory damages, and punitive damages. *Id.* at ¶¶118, 128-195.

## II.
## STATEMENT OF ISSUES

2. In its Motion, M-I seeks: (i) dismissal of each of Plaintiff's claims against M-I for lack of subject matter jurisdiction, given Plaintiff's failure to comply with OPA's mandatory presentment requirement; (ii) dismissal of each of Plaintiff's claims against M-I for failure to plead sufficient facts to allege a cognizable legal theory entitling Plaintiff to recover against M-I; and alternatively, (iii) an Order, requiring Plaintiff to replead his claims in accordance with Rule 8 of the Federal Rules of Civil Procedure.

## III.
## BRIEF IN SUPPORT OF 12(b)(1) MOTION TO DISMISS

**A.    Applicable Standard.**

3. Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Courts must establish jurisdiction as a threshold matter, and without jurisdiction, a court must dismiss the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

2

94 (1988). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Madison-Hughes v. Shalala*, 80 F.3d 1120, 1130 (6th Cir. 1996); *see Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

### B.  Plaintiff's Failure To Present His Claims Under OPA Deprives The Court Of Jurisdiction.

4.  OPA provides a comprehensive statutory framework for parties who suffer damages from oil spills in navigable waters to make claims to a designated responsible party for recovery of costs and damages. *See* 33 U.S.C. §§ 2701, *et seq.*

5.  Parties claiming to have suffered damages from an oil spill are required to present their claims to the designated responsible party before filing a lawsuit claiming damages:

> ***all claims*** for removal costs or damages shall be presented first to the responsible party or guarantor of the source designated under section 2714(a) of this title

33 U.S.C. § 2713(a) (emphasis added). Claimants may only initiate suit after a claim is presented in accordance with § 2713(a) and the responsible party denies all liability for the claim or the claim is not settled by payment within 90 days after the date upon which the claim was presented. 33 U.S.C. § 2713(c). As widely recognized by courts addressing this issue, pre-suit presentment is mandatory:

> The clear text of § 2713 creates a ***mandatory condition precedent*** barring all OPA claims unless and until a claimant has presented her claims in compliance with § 2713(a) and either: (1) all responsible parties deny all liability; or (2) the claim is not settled by payment within 90 days after (A) the claim was presented, or (B) advertising was begun under section 2714(b) of the Act, whichever is later. 33 U.S.C. § 2713(c).

*Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., Inc.*, 51 F.3d 235, 240 (11th Cir. 1995) (emphasis added); *Leboeuf v. Texaco*, 9 F. Supp. 2d 661, 666 (E.D. La. 1998) (finding that § 2713 creates "mandatory conditions precedent to filing an action in either state or federal court");

3

*Marathon Pipe Line Co. v. LaRoche Indus. Inc.*, 944 F. Supp. 476, 477 (E.D. La. 1996) ("The Court agrees that § 2713's presentation requirement is jurisdictional and mandates dismissal when that provision is applicable and not complied with by the claimant"); *United States v. Murphy Exploration and Prod. Co.*, 933 F. Supp. 489 (E.D. La. 1996) ("We therefore hold that the clear text of § 2713 creates a mandatory condition precedent barring all OPA claims unless and until a claimant has presented her claims in compliance with § 2713 (a)").

6. It is well established that the failure to comply with a mandatory presentment provision prior to filing suit necessitates dismissal of the claim. *See e.g., Hallstrom v. Tillamook County*, 493 U.S. 20, 31 (1989) (holding that where a statute requires notice of a claim before bringing suit, where a party fails to provide notice the claim must be dismissed, as a stay is not sufficient to cure the deficiency). Furthermore, OPA's plain language precludes the right to proceed in court without first exhausting the administrative process. *See Boca Ciega Hotel, Inc.*, 51 F.3d at 238 (noting that OPA's use of the absolute words "all" and "shall" indicate its mandatory and exclusive nature with respect to its covered damages); *Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309, 310-11 (E.D. Va. 1993) (dismissing the OPA claim for failure to comply with the presentation requirement of OPA).

7. Where a plaintiff fails to satisfy OPA's presentment requirement, the court should dismiss the plaintiff's claims for lack of jurisdiction. Here, Plaintiff fails to allege that he has presented his claim to a designated responsible party in accordance with OPA. This Court, therefore, lacks jurisdiction to hear any of Plaintiff's claims related to the oil spill and should dismiss all such claims against M-I.

## IV.
## BRIEF IN SUPPORT OF 12(b)(6) MOTION TO DISMISS

**A.    Applicable Standard.**

8.     The standard of review of a Rule 12(b)(6) motion is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (*quoting* 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 at 601). In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings and attachments to the pleadings. *See id.*

9.     A court may dismiss a claim for failure to state a claim upon which relief may be granted based on either (1) a lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory. *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). In deciding a motion to dismiss on the grounds of lack of a cognizable legal theory, whether the complaint states a cause of action on which relief can be granted is a question of law for the court. *State of Ga. v. Wenger*, 187 F.2d 285, 287 (7th Cir. 1951).

10.    In order to avoid dismissal for failure to state a claim, "a plaintiff must plead specific facts, not mere conclusory allegations." *Collins*, 224 F.3d at 498 (quoting *Tuchman v. DSC Commc'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). A plaintiff's complaint is required to contain either direct factual allegations on every material point necessary to sustain a recovery, or allegations from which an inference may be fairly drawn that evidence on these material points will be introduced at trial. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Dismissal is proper where the complaint lacks an allegation regarding a required element necessary to obtain relief. *See id.* Further, "[c]onclusory allegations or legal conclusions

5

masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quotation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegation, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at 545, 570. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).

**B.   Plaintiff Has Failed To Plead Sufficient Facts To Allege A Cognizable Legal Theory Entitling Him To Recover Against M-I.**

11.   Here, dismissal is appropriate because Plaintiff's complaint consists of legal conclusions devoid of any underlying facts to support his claims of negligence, negligence *per se*, private nuisance, public nuisance, and strict liability for ultrahazardous activities against M-I. The only allegations regarding M-I's involvement in the Deepwater Horizon and subsequent oil spill in Plaintiff's complaint is that: "M-I was providing the drilling fluids or 'mud' for the drilling operations onboard the *Deepwater Horizon*, and was responsible for mud drilling, composition, and monitoring." Complaint at ¶ 132. The only allegation that the drilling fluids played any role in the explosion or the oil spill is that "[i]mproper or ineffective cementing work and/or mudding operations performed by one or more of the Drilling Defendants was a cause or contributing factor to the Oil Spill." *Id.* at ¶ 90. Plaintiff has not plead facts sufficient to provide M-I with any indication of how M-I allegedly caused harm to Plaintiff, as Plaintiff's Complaint

6

is utterly devoid of names, dates, locations, times, or facts that would put M-I on notice as to what conduct supports Plaintiff's claims against M-I. Rather, each of Plaintiff's claims allege wrongdoing by "Drilling Defendants" *in globo*, and nowhere does Plaintiff identify any specific acts or omissions by M-I which would state a cause of action. Finally, Plaintiff fails to identify in his complaint the damages he alleges are attributable to the alleged wrongdoing of M-I.

12. Dismissal of Plaintiff's claims is appropriate because Plaintiff has failed to plead sufficient facts to show that he is entitled to relief as a result of M-I's conduct. Plaintiff has plead only conclusory allegations against M-I, and has not plead any facts supporting a finding of liability against M-I. Accordingly, Plaintiff's claims of negligence, negligence *per se*, private nuisance, public nuisance, and strict liability for ultrahazardous activities against M-I should be dismissed for failure to state a cognizable legal theory or suitable underlying facts under which Plaintiff can recover.

## V.
## BRIEF IN SUPPORT OF 12(e) MOTION FOR MORE DEFINITE STATEMENT

13. In the alternative, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, M-I moves the Court to enter an order requiring Plaintiff to state the claims alleged against M-I in a more definite and less vague and ambiguous manner, within fourteen (14) days of entry of the order. The Complaint fails to aver with sufficient particularity any factual statements demonstrating Plaintiff's plausible entitlement to relief. Specifically, Plaintiff fails to aver any facts showing that M-I violated any duty to Plaintiff, any facts showing that any wrongdoing by M-I proximately caused Plaintiff's alleged damages, and the specific damages Plaintiff claims that M-I caused.

### A.   Applicable Standard.

14.   Rule 8(a) of the Federal Rules of Civil Procedure sets out the standard for all claims for relief filed in federal court. In particular, Rule 8(a) provides that a claim for relief must contain a statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a); *see also, Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Pursuant to Rule 8(a), a complaint is deemed inadequate if it "fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal*, 197 F.3d at 164; *see also, General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950 (5th Cir. 1999).

15.   A complaint that is ambiguous or "which contains a 'bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Id.* When a plaintiff fails to plead matters properly, a defendant may move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(e); *Beanal*, 197 F.3d at 164.

### B.   Plaintiff's Pleading Fails To Meet The Requirements Of Fed. R. Civ. P. 8(a) And Plaintiff Should Be Required To Replead.

16.   Plaintiff's pleading fails to meet the ordinary federal pleading standard set forth in Rule 8(a). Plaintiff's bare bone allegations fail to put M-I on notice of the purported conduct by M-I that could form the basis of Plaintiff's claims of negligence, negligence *per se*, private nuisance, public nuisance, and strict liability for ultrahazardous activities. Plaintiff pleads no specific facts establishing a right to relief against M-I. Plaintiff alleges only that M-I was providing the drilling fluids for the Deepwater Horizon at the time of the explosion. Plaintiff fails to allege how the drilling fluids contributed to the explosion and subsequent oil spill, or

8

even that they did contribute. Further, Plaintiff fails to allege how the drilling fluids contributed to any alleged injury he may have incurred as the result of the explosion and oil spill.

17. Under the pleading standard set forth in *Twombly*, 550 U.S. 544, and the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, Plaintiff's vague and conclusory allegations against M-I do not state any claims upon which relief can be granted. As such, M-I requests that this Court require Plaintiff to submit a more definite statement regarding the specific conduct of M-I that forms the basis of Plaintiff's claims against M-I.

## VI.
## CONCLUSION

18. Defendant, M-I L.L.C., respectfully requests that this Court order that Plaintiff's claims and causes of action against it be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and in the alternative, that this Court require Plaintiff to replead his claims and causes of action in accordance with the Federal Rules of Civil Procedure. M-I L.L.C. further prays that this Court grant such other and further relief, either general or special, at law or in equity, to which M-I L.L.C. is justly entitled.

Respectfully submitted, this 20th day of July, 2010.

                                        M-I L.L.C.

                                        By: */s/ G. Todd Burwell*
                                              G. Todd Burwell

OF COUNSEL:
G. Todd Burwell (MSB #8832)
William w. Cunningham, Jr. (MSB #103245)
G. TODD BURWELL, P.A.
618 Crescent Blvd., Suite 200
Ridgeland, MS 39157
Tel: 601-427-4470
Fax: 601-427-0189

## CERTIFICATE OF SERVICE

    I, G. Todd Burwell, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send a copy of the foregoing to all counsel.

    This the 20th day of July, 2010.

                                                       */s/ G. Todd Burwell*
                                                       G. Todd Burwell

HOUSTON 1081770v.1